# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

NANCY HATCHER                                               PLAINTIFF

VS.                          CIVIL ACTION NO. 3:10CV274-HTW-LRA

J. C. PENNY COMPANY, INC., ET AL                 DEFENDANTS

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

THIS CAUSE came before the Court on the Motion to Dismiss [ECF No. 17] filed by Defendants on August 31, 2010. Defendants request that the complaint be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure due to Plaintiff's failure to prosecute her case. Also on today's date, the undersigned has entered an Order granting the Motion to Withdraw as Plaintiff's Attorney [ECF No. 15] filed by Don H. Evans.

Plaintiff's attorney has been unable to communicate with his client, although he has made many efforts to do so. On or before July 23, 2010, an attorney from his firm spoke to Ms. Hatcher at her home; however, she refused to talk to the attorney other than to confirm her identity and to indicate she did not wish to talk [*See* ECF No. 9]. Plaintiff's counsel was unable to supplement her initial core discovery due to her lack of co-operation.

Defendants filed a Motion to Compel and Show Cause [ECF No. 12] on July 26, 2010. Rather than filing a response on behalf of Plaintiff, Mr. Evans

filed his motion to withdraw as her attorney. He could not communicate with her in order to respond to Defendants' motion. The undersigned entered an Order on August 3, 2010, ECF No. 14, directing Plaintiff to provide full and complete initial disclosures on or before August 13, 2010. She was directed to show cause as to why she failed to comply with her discovery obligations; she was also directed to confirm to the Court in writing that she wished to proceed with this lawsuit. She was warned that her failure to comply with the Order could result in the dismissal of her complaint without further notice.

Her attorney was directed to notify his client of the filing of his Motion to Withdraw and the Motion to Dismiss. Counsel attempted to notify her by certified mail, by regular mail, and by hand delivering the documents to her last known address [*See* ECF Nos. 15, 19, & 20]. The return receipts indicate that the post office made numerous attempts to deliver the letter from counsel, but that she refused to accept delivery.

Defendants have moved that the Court dismiss this case under Rule 41(b) of the Federal Rules of Civil Procedure due to Plaintiff's failure to prosecute. The Court previously found that there was no good cause for Plaintiff's failure to timely participate in the discovery process. Plaintiff's counsel testified that he was unable to communicate with her after making reasonable efforts to do so. He could not respond to the discovery or otherwise prosecute this case without Plaintiff's participation. In the August

2

3, 2010, Order, Plaintiff was given until August 13, 2010, to comply with the terms of the Order. She has failed to do so, or to contact her counsel, or the Court, and it is the recommendation of the undersigned that the Complaint be dismissed without prejudice pursuant to Rule 41(b).

Plaintiff Hatcher filed this case, and it is her responsibility to prosecute her claims. Her failure to participate in discovery caused Defendants to incur additional attorneys' fees and costs. Plaintiff has failed to abide by the orders of this Court due to her failure to respond in any manner to the Order entered on August 3, 2010, to respond to discovery, to remain in contact with her attorney, or to prosecute her case. She filed her Complaint on May 13, 2010. Plaintiff must be willing to prosecute her case in a timely manner and in accordance with the rules of the Court.

This Court has the authority to dismiss an action for failure of a plaintiff to prosecute or to comply with any order of the Court both under Fed. R. Civ. P. 41(b) and under its inherent authority. *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Link*,

*supra*, 370 U.S. at 630. The actions of Plaintiff also prejudice the rights of Defendants to promptly and fully defend the claims made against them. Defendants have received no responses to discovery and have been unable to prepare for trial or to otherwise defend this case.

A dismissal of a plaintiff's lawsuit for failing to comply with a district court's order is warranted where "[a] clear record of delay or contumacious conduct by plaintiff exists." *Day v. Allstate Ins. Co.,* 788 F.2d 1110 (5th Cir. 2008) (quoting *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980)). The record in Plaintiff's case supports such a finding. Plaintiff obviously lost interest in pursuing this lawsuit. The sanction of dismissal is necessary in order to officially conclude the litigation against Defendants. The statute of limitations has not run on Plaintiff's claims, and the dismissal may be without prejudice.

For the above reasons, the undersigned recommends that the Motion to Dismiss [ECF No. 17] filed by Defendants be GRANTED, and that this cause of action be dismissed pursuant to F̧ED. R. ÇIV. P. 41(b), without prejudice. A copy of this Report and Recommendation shall be sent to Plaintiff's former attorney, Don H. Evans, and he is directed to mail a copy by certified mail to Plaintiff Nancy Hatcher at her last known address. The Court shall also send a copy of this Report and Recommendation to her at her last known address, 1500 Linde, Lot #62, Jackson, MS 39204.

4

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996). **Plaintiff shall file any objections to this Report and Recommendation on or before October 6, 2010, or her case shall be dismissed without further notice.**

THIS the 20th day of September, 2010.

                                            S/ Linda R. Anderson
                                       UNITED STATES MAGISTRATE JUDGE